**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SEAN VARELA, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

                **Plaintiffs,**

-vs-                                                  Case No. 6:07-cv-165-Orl-28KRS

**INNOVATIVE WIRING SOLUTIONS,**
**LLC, ROBERT L. NOLAN, III,**

                **Defendants.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration after oral argument on Defendant's Counsel's Unopposed Motion to Withdraw as Counsel of Record for Defendants, doc. no. 24.

      On June 15, 2007, John W. Bolanovich, Esq., filed the present motion seeking to withdraw as counsel of record for Defendants Innovative Wiring Solutions LLC and Robert L. Noland III,[1] indicating that the defendants had failed to respond to his communications. I then issued an Order to Show Cause and Notice of Hearing directing Noland and a representative of Innovative Wiring Solutions to appear before me on July 6, 2007, for a hearing on the motion to withdraw. Doc. No. 25. I cautioned the defendants that failure to appear may result in sanctions, including a recommendation

---

[1] The complaint spells the individual defendant's last name as "Nolan," but the Certificate of Interested Persons filed by the defendants, doc. no. 14, as well as the return of service, doc. no. 8, spell the name as "Noland." I will use the latter spelling.

that Innovative Wiring Solutions's answer be stricken and a default entered against it. *Id*. (citing Fed. R. Civ. P. 16(f)).

The Court's record reflects that a copy of this Order to Show Cause and Notice of Hearing was mailed to the defendants at two separate addresses. Furthermore, at the hearing, Attorney Bolanovich represented that he had forwarded a copy of the Order to Show Cause and Notice of Hearing to the defendants. Attorney Bolanovich confirmed that the addresses used by the Court were Noland's last known home address and the present address of Innovative Wiring Solutions.

Counsel for the parties appeared at the hearing, but neither Noland nor a representative of Innovative Wiring Solutions appeared. Attorney Bolanovich indicated that he had not been contacted by the defendants for some time.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Federal Rule of Civil Procedure 37(b)(2)(C) permits the Court to strike the answer of a defendant and enter a default against it.

It is undisputed that the defendants in this case have failed to stay in contact with their attorney and disobeyed the order to appear at the hearing on July 6, 2007. They have received ample notice that their disregard of the Court's order could result in the imposition of sanctions. Accordingly, I recommend that the motion for Attorney Bolanovich to withdraw, doc. no. 24, be **GRANTED**. I further recommend that the answer, doc. no. 9, be **STRICKEN** as to Innovative Wiring Solutions, and that a default be entered against it pursuant to Federal Rule of Civil Procedure 55(a).

Innovative Wiring Solutions is warned that if these recommendations are adopted and default is entered against it, it will be precluded from defending itself in this case unless and until counsel of record enters an appearance on its behalf and moves that the default be set aside. Noland is warned that if the motion to withdraw is granted, he will be responsible for defending this case on his own behalf, including abiding by all deadlines established by the Court and complying with the rules of procedures governing proceedings in this Court. If Noland then fails to comply with any pretrial order of the Court, the Court may sanction him by striking the answer as to him and entering his personal default. In such case, Plaintiff Sean Varela would be able to move for the entry of a default judgment. Finally, the defendants are warned that it is unlikely that any deadlines will be extended based on the withdrawal of counsel.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Noland at 21667 Ft. Christmas Road, Christmas, FL 32709; and to Innovative Wiring Solutions at 274 Wilshire Blvd. # 221, Casselberry, FL 32707.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy