UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SEAN VARELA, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

                **Plaintiffs,**

**-vs-**                                  Case No. 6:07-cv-165-Orl-28KRS

**INNOVATIVE WIRING SOLUTIONS,**
**LLC, ROBERT L. NOLAN, III,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 34)**
>
> **FILED:**      **October 10, 2007**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

On February 5, 2007, Plaintiff Sean Varela filed a complaint against Innovative Writing Solutions, LLC (Innovative) and Robert L. Noland, III,[1] alleging violations of the overtime and

---

[1] In the complaint and present motion, the individual defendant's last name is listed as "Nolan," but the Certificate of Interested Persons filed by the defendants, doc. no. 14, as well as the return of service, doc. no. 8, spell the name as "Noland." I will use the latter spelling.

minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and breach of an oral agreement. Doc. No. 1.

The defendants filed an answer and counterclaim, through their attorney, on March 12, 2007. Doc. No. 9. Thereafter, Innovative and Noland's counsel moved to withdraw as counsel of record, indicating that significant differences of opinion had arisen and that the defendants had ceased communicating with him. Doc. No. 24. A hearing was held on the defendants' counsel's motion on July 6, 2007, which Noland and a representative of Innovative were required to attend. Doc. No. 25. Neither Noland nor a representative of Innovative appeared at the hearing. Accordingly, I issued a Report and Recommendation recommending that the motion to withdraw be granted and that Noland be required to represent himself in the litigation. Because a corporation cannot appear and be heard in this Court except through counsel, Local Rule 2.03(e), and because Innovative did not appear at the hearing as required by my order, I recommended that the Court strike Innovative's answer and direct the Clerk of Court to enter a default against Innovative. Doc. No. 29. The presiding district judge adopted and confirmed and Report and Recommendation, caused Innovative's answer to be stricken, and directed the Clerk of Court to enter default against Innovative. Doc. Nos. 31. The Clerk of Court entered a default against Innovative on August 3, 2007. Doc. No. 32.

Varela files the present motion seeking a default judgment against Innovative and Noland. However, as discussed above, Noland answered the complaint and is, therefore, not in default.

Under the FLSA, both the corporate employer and the individual with operational control of the corporation may be jointly and severally liable. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986). Entering a default judgment against only Innovative, the corporate employer in this case, raises the possibility of inconsistent judgments should Noland, the individual alleged to have

operational control over Innovative, successfully present a defense that he, through Innovative, did not violate the FLSA, or that any violation was not willful. The possibility of inconsistent judgments should be avoided whenever possible. *See, e.g., Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984).

Accordingly, I respectfully recommend that the Court decline to enter a default judgment against Innovative until such time as the claims against Noland are resolved.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 5, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy