**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SEAN VARELA, ON BEHALF OF
HIMSELF AND THOSE SIMILARLY
SITUATED,

                    **Plaintiffs,**

-vs-                                             Case No. 6:07-cv-165-Orl-28KRS

INNOVATIVE WIRING SOLUTIONS,
LLC, ROBERT L. NOLAN, III,

                    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the Court's own motion. For the reasons set forth below, I recommend that the Court strike the answer of Defendant Robert L. Noland, III,[1] and enter default against Noland.

I.    **PROCEDURAL HISTORY**.

Plaintiff Sean Varela initiated this action on behalf of himself and other similarly situated alleging that defendants Innovative Wiring Solutions, LLC ("IWS") and Robert L. Noland, III (collectively "Defendants"), violated the Fair Labor Standards Act and that Defendants had breached an oral employment agreement with Varela. Doc. No. 1. On March 12, 2007, Defendants answered and IWS counterclaimed against Varela. Doc. No. 9.

---

[1] The complaint spells the individual defendant's last name as "Nolan," but the Certificate of Interested Persons filed by the defendants, doc. no. 14, as well as the return of service, doc. no. 8, spell the name as "Noland." I will use the latter spelling.

Defense counsel moved to withdraw from representation of the Defendants on June 15, 2007. Doc. No. 24. I held a hearing on the matter and directed Noland to appear in person at the hearing. Noland failed to appear. Doc. No. 29. Consequently, the Court granted defense counsel's motion to withdraw, IWS's answer and counterclaim were stricken, and default was entered against IWS. Doc. Nos. 31, 32.

The Court subsequently issued its Case Management and Scheduling Order ("CMSO"), which directed, among other things, that mediation be conducted by February 29, 2008, and that the joint pretrial statement by filed by May 16, 2008. Doc. No. 33. Jury trial was set for the trial term beginning August 1, 2008. *Id*.

On May 23, 2008, Varela informed the Court that Noland had failed to cooperate with scheduling mediation. Doc. No. 38. Further, no Joint Final Pretrial Statement had been filed. On May 27, 2008, I issued an Order to Show Cause directed to counsel for Plaintiff and Noland to show cause in writing why the complaint and counterclaims should not be dismissed for failure of prosecution and failure to abide by pretrial orders. Doc. No. 41. The order advised the parties that "failure to respond to this order may result in dismissal of the complaint and counterclaims or entry of a default against Defendant Nolan without further notice." *Id*. The parties' deadline to file their responses was June 12, 2008. *Id*.

Varela responded on May 30, 2008, that he had not complied with the CMSO because "Defendants have failed to participate in the preparation of the Case Management Report, scheduling mediation, and preparation of the Joint Final Pretrial Statement." Doc. No. 42. Varela affirmed his desire to litigate his claim and requested the Court's guidance given Noland's failure to cooperate. *Id*.

Varela's response was served on Noland. *Id*. Noland has failed to respond to the Order to Show Cause.

## II.    ANALYSIS.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Federal Rule of Civil Procedure 37(b)(2)(A)(iii) and (vi) permits the Court to strike Noland's answer and to enter default.

It is undisputed that Noland has failed on multiple occasions to obey the orders of this Court. Although the case is scheduled to be tried in less than two months, Noland refuses to respond to opposing counsel's efforts to ready the case for trial as ordered. Based on Noland's conduct and his failure to respond to the Order to Show Cause, I conclude that Noland has abandoned his defense and his counterclaims.

Accordingly, I respectfully recommend that the Court **STRIKE** Noland's answer at doc. no. 9 and **DIRECT** the Clerk of Court to enter a default as to Noland. If the Court adopts this recommendation, I recommend that Varela be required to file his motion for default judgment within ten days of the Clerk entering Noland's default.

**The Clerk is directed to serve a copy of this Report and Recommendation on Robert L. Noland, III, 21667 Ft. Christmas Road, Christmas, FL 32709. Mr. Noland is cautioned that**

**failure to file an objection with the Court to this Report and Recommendation within ten days of the date of this Report and Recommendation will likely result in entry of default.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy