# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SEAN VARELA, ON BEHALF OF
HIMSELF AND THOSE SIMILARLY
SITUATED,

                **Plaintiffs,**

-vs-                                                            Case No. 6:07-cv-165-Orl-28KRS

INNOVATIVE WIRING SOLUTIONS,
LLC, ROBERT L. NOLAN, III,

                **Defendants.**

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING

      This cause comes before the Court on its own initiative. In my order denying Sean Varela's initial motion for entry of default judgment, doc. no. 47, I noted that the request for attorney's fees was deficient in part because the task description did not reflect who performed the listed work. Doc. No. 48. In the Renewed Motion for Entry of Default Final Judgment, Kelly Amritt, Esq., an associate attorney with Morgan & Morgan, signed an affidavit in which she averred that "[t]he contemporaneous time records[1] prepared by Kelly Amritt, Esq. of Morgan & Morgan, P.A. . . . are attached as Exhibit 1." Doc. No. 52-4 ¶ 2. Exhibit 1 consists of a table describing the tasks

---

[1] Based on other cases filed by Morgan & Morgan in this Court, the Table does not appear to be the contemporaneous time records as maintained by the law firm in the regular course of business. *Compare, e.g.*, the Table *with Kwasnik v. Charlee Family Care Servs. of Central Fla., Inc.*, Case No. 6:08-cv-926-Orl-31KRS, Doc. No. 25-4. Rather, it appears to be a document created for purposes of the present litigation.

performed in this case (hereinafter the "Table"), with an "attorney" column in which the designation of "KAA" is placed next to every entry. Doc. No. 52-5. Amritt seeks attorney's fees at her hourly rate for all time reflected in the Table. Doc. No. 52-4 ¶ 2.

By virtue of her affidavit incorporating the Table, Amritt avers that she spent 1.0 hour of time on July 6, 2007 attending a hearing on a motion to withdraw, and 0.1 hour of time on the same day to review the clerk's minutes regarding the hearing. Doc. No. 52-5 at 4. The clerk's minutes of the hearing reflect that the hearing lasted for ten minutes and that only Richard Celler, Esq., appeared on behalf of Plaintiff. Doc. No. 28. At the hearing, Celler stated that Amritt was out of the country at the time. Doc. No. 53 at 2. Thus, it appears that Amritt has made a materially false sworn statement to the Court in support of the request for attorney's fees.

Accordingly, **TAKE NOTICE** that the Court will hold a evidentiary hearing on the veracity of Amritt's affidavit and supporting Table, specifically including whether she or others (including paralegals) performed the work reflected in the Table; whether Amritt, the partner or managerial lawyer supervising her, and/or the law firm of Morgan & Morgan should be held in contempt of Court or otherwise sanctioned based on the submission of a materially false affidavit to the Court; and, whether Amritt and/or other lawyers should be referred to the Court's Grievance Committee or the Florida Bar for violating the Rules Regulating the Florida Bar.[2]

---

[2] *See, e.g.,* Rules Regulating the Florida Bar, Rule 4-3.3 ("A lawyer shall not knowingly: (1) make a false statement of a material fact or law to a tribunal . . . ."); Rule 4-8.4(c) ("A lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. . . ."); and, Rule 4-8.3 ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate professional authority."); *see also* Rules Regulating the Florida Bar, Rule 4-5.1 ("Responsibility of Partners, Managers and Supervisory Lawyers).

The hearing will be held before the undersigned on **WEDNESDAY**, **JANUARY 7, 2009** at **1:30 P.M.** in Courtroom #5D, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida. It is **ORDERED** that Kelly Amritt, Esq., Richard Celler, Esq., the head of the division at Morgan & Morgan that handles FLSA cases, the partner or managerial lawyer responsible for supervising Amritt, and any other individual who performed all or part of the work reflected in or who prepared the Table or the underlying contemporaneous time records maintained in the regular course of business by Morgan & Morgan shall personally appear at the hearing to present testimony. *See In re FLSA Cases*, No. 6:08-mc-49-Orl-UA-GJK, Doc. No. 32 at 3 (Report and Recommendation of Kelly, M.J.) (noting Attorney Celler is the head of the division at Morgan & Morgan that handles FLSA cases).

Attorneys Amritt and Celler and any other individual who prepared the original time records in this case or the Table shall also be prepared to testify about the manner in which time was recorded in this case and the changes in the time sheets made in preparing the Table. The Court will not permit narrative testimony, so Attorneys Amritt and Celler must be accompanied by an attorney not involved in the present dispute who will conduct the direct examination of Amritt and Celler.

It is further **ORDERED** that Attorney Amritt shall produce to the Court for *in camera* review at the hearing the complete record of time worked in this case as contemporaneously recorded and maintained by Morgan & Morgan in its regular course of business.

**TAKE FURTHER NOTICE** that the evidence received at this hearing may be used for the purpose of determining the amount of attorney's fees to be awarded in connection with the motion for default judgment, doc. no. 52.

Finally, it is further **ORDERED** that Attorney Amritt shall promptly serve a copy of this order on Attorney Celler and any other person required to testify as stated above, and file a certificate of such service naming each individual upon whom service was made on or before December 19, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE